# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JOHN J. SMITH,

        Appellant,

      v.

OFFICE OF PERSONNEL
  MANAGEMENT,

        Agency.

DOCKET NUMBER
AT-0842-15-0628-I-1

DATE: March 2, 2016

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

John J. Smith, Jackson, Mississippi, pro se.

Roxann Johnson, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his appeal of the final decision of the Office of Personnel Management (OPM) for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

This matter involves a May 20, 2015 OPM final decision issued pursuant to the administrative judge's March 19, 2015 initial decision remanding the matter to OPM for a final appealable decision. *See Smith v. Office of Personnel Management*, MSPB Docket No. AT-0841-15-0229-I-1, Initial Appeal File, Tab 1 at 4-5; Initial Decision (0229-I-1 ID) at 4-5 (Mar. 19, 2015).[2] In its May 20, 2015 final decision, OPM dismissed the appellant's request for a determination on his eligibility for retirement benefits because, among other things, he had not submitted an application for retirement benefits and OPM does not give advisory

---

[2] In the prior appeal, the appellant challenged OPM's failure to issue a final appealable decision concerning his earliest retirement date. 0229 I-1 ID at 1. The administrative judge remanded the matter to OPM with instructions to issue a final appealable decision within 90 days. *Id.* at 1-2. On May 20, 2015, OPM issued a final initial decision dismissing the appellant's request. *Smith v. Office of Personnel Management*, MSPB Docket No. AT-0842-15-06280-I-1, Initial Appeal File (IAF), Tab 1 at 4-5. On May 26, 2015, the appellant submitted a pleading entitled "Supplement to PFR" challenging OPM's decision, which the regional office docketed as the appeal now on review. IAF, Tabs 1-2.

opinions in the form of decisions.[3] *Smith v. Office of Personnel Management*, MSPB Docket No. AT-0842-15-0628-I-1, Initial Appeal File (IAF), Tab 1 at 4. In a show cause order, the administrative judge explained that only an individual whose rights or interests under the Federal Employees Retirement Systems (FERS) that are affected by a final decision by OPM may request the Board to review the decision, and ordered the appellant to file evidence and argument to prove that his appeal was within the Board's jurisdiction. IAF, Tab 7. The appellant responded that OPM had failed to answer his question regarding his eligibility for immediate retirement and that he would like the administrative judge to decide whether he was eligible for voluntary retirement on December 31, 2014. IAF, Tab 8. In an initial decision dated August 17, 2015, the administrative judge dismissed the appeal for lack of jurisdiction, finding that the appellant failed to show that he actually had applied to OPM for retirement benefits. IAF, Tab 9, Initial Decision (ID) at 4-5. The appellant has filed a petition for review of the initial decision, and OPM has responded in opposition. Petition for Review (PFR) File, Tabs 1, 5.

¶3      Generally, the Board has jurisdiction over OPM determinations affecting an appellant's rights or interests under the retirement system only after OPM has issued a final or reconsideration decision. *Smith v. Office of Personnel Management*, 114 M.S.P.R. 395, ¶ 8 (2010); 5 C.F.R. § 841.308. The Board, however, will take jurisdiction over a retirement-related appeal where OPM has refused or improperly failed to issue a final or reconsideration decision. *See Okello v. Office of Personnel Management*, 120 M.S.P.R. 498, ¶ 14 (2014). In such a case, the Board will consider the totality of the circumstances to find that OPM's failure to act on the matter itself constitutes an appealable administrative action affecting the appellant's rights under a retirement system. *Id.*, ¶ 15.

---

[3] OPM also explained that it does not maintain records on current Federal employees, like the appellant, and that such employees must work with their employing agency to resolve retirement-related questions. IAF, Tab 1 at 4.

¶4      On review, the appellant asserts that he is challenging the administrative judge's decision to dismiss his appeal of OPM's "decision to deny [him his] right to retire on December 31, 2014." PFR File, Tab 1 at 2. He further claims that he was eligible to retire on December 31, 2014, but his employing agency and OPM denied his application for retirement and OPM failed to issue him a final decision. *Id.* at 2. The appellant also appears to argue that the proceeding was unfair. *Id.* at 2-3.

¶5      First, contrary to the appellant's characterization of the May 20, 2015 final OPM decision, OPM did not deny his right to retirement. *Id.* at 2; IAF, Tab 5 at 5. Rather, OPM explained that there was no evidence that the appellant had applied for immediate retirement and that OPM does not issue advisory opinions regarding an employee's eligibility for retirement. IAF, Tab 5 at 5.

¶6      Second, contrary to the appellant's assertion on review, there is no evidence that he has applied for immediate retirement, and he thus is not entitled to a decision from OPM. Pursuant to the Civil Service Retirement System (CSRS)/ FERS Handbook and the instructions provided to the appellant in OPM's decision letter, in order to apply for retirement, an employee must submit an application for immediate retirement on a Standard Form (SF) 3107, Application for Immediate Retirement, FERS, or an SF-2801, Application for Immediate Retirement, CSRS. *See* CSRS/FERS Handbook (Handbook), Chapter 40, Section 40A3.1-1, *available at* https://www.opm.gov/retirement-services/ publications-forms/csrsfers-handbook/; IAF, Tab 5 at 5. With its May 20, 2015 decision, OPM enclosed an SF-2801 and SF-3701 for the appellant's use if he wished to apply for retirement benefits under the applicable retirement system. *Id.* at 5-41. However, the appellant does not allege, and there is no evidence suggesting, that he has ever submitted an SF-3107 or SF-2801. PFR File, Tab 1; IAF, Tabs 1, 6, 8.

¶7      In the proceedings below, the appellant provided a copy of the SF-52 he submitted to his agency's human resources (HR) office requesting a voluntary

retirement effective December 31, 2014, and email correspondence from the HR specialist informing him that he would not be eligible to retire until he had 5 years of civilian service, not including his military time. IAF, Tab 6 at 1, 9-10, 39. He also submitted copies of email correspondence with an OPM representative regarding the rules for calculating creditable civilian service, in which he insisted that the *CSRS/FERS Handbook* allowed him to use his military service to meet the 5-year minimum civilian service requirement under FERS. *Id.* at 27-29. In two emails to OPM, the appellant requested a final appealable decision concerning his earliest retirement date. *Id.* at 27-28. However, these measures do not constitute an application for retirement and do not trigger OPM's duty to issue a decision on the appellant's request for retirement. *See* Handbook, Chapter 40, Section 40A3.1-1. Thus, the appellant is not entitled to a final appealable decision from OPM on his eligibility for retirement, and OPM has not improperly failed to issue one so as to constitute a constructive denial over which the Board could find jurisdiction. *See Okello*, 120 M.S.P.R. 498, ¶ 14.

¶8        Third, although the appellant requested that OPM issue an appealable decision on his earliest retirement date, he is not entitled to such a determination absent an actual application for retirement benefits. As the administrative judge explained, OPM is not required to issue an advisory opinion regarding the appellant's eligibility to retire on a certain date. *See* ID at 4. As such, OPM has not acted improperly by failing to issue an advisory opinion on the appellant's request for a determination on his earliest possible retirement date. Likewise, the Board is prohibited from issuing an advisory opinion on the appellant's eligibility to retire on a certain date. ID at 4; 5 U.S.C. § 1204(h). Accordingly, we agree with the administrative judge that, unless and until the appellant applies for immediate retirement and receives a decision from OPM on his application, there is no basis to find Board jurisdiction over the appellant's retirement matter.

¶9        Finally, we find no merit to the appellant's claim that the proceeding was unfair because the administrative judge "refused to look at the facts" and gave

OPM "months to respond while [he] was given days." PFR File, Tab 1 at 2-3. In making a claim of bias or prejudice against an administrative judge, a party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators. *Thompson v. Department of the Army*, 122 M.S.P.R. 372, ¶ 29 (2015). We find that the appellant's bare assertions do not meet the high standard for establishing bias, and we discern no reversible error by the administrative judge. The appellant also has not shown that he requested additional time to submit any evidence or argument or that additional time would have affected the outcome of the case. The appellant was given 2 weeks to respond to the show cause order, which we find to be a reasonable amount of time. IAF, Tab 7 at 4.

¶10     Based on the foregoing, we affirm the initial decision dismissing the appeal for lack of jurisdiction.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD: _____
William D. Spencer
Clerk of the Board

Washington, D.C.